UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER SMITH                                                                 PETITIONER

V.                                                          CIVIL ACTION NO.1:06CV168-GHD-JAD

WARDEN JOE THORNTON, et al.                                                      RESPONDENTS

## REPORT AND RECOMMENDATION

The respondents have moved to dismiss (Doc.7 ) this petition pursuant to 28 U.S.C. §2244, on the ground that the petition is barred by the statute of limitations. The petitioner has filed a response.

The Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2244(d) provides, in pertinent part:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ****
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Christopher Smith was indicted on charges of driving under the influence of alcohol, manslaughter and aggravated driving under the influence. On May 10, 2000, a jury convicted him of driving under the influence and aggravated driving under the influence. The jury was unable to reach a verdict on the manslaughter issue. He was then sentenced to five years for driving under the

influence and twenty five years for aggravated driving under the influence. The sentences were to be consecutive. On May 15, 2000, Smith appeared in court. He agreed to waive his appeal rights on these convictions in exchange for the district attorney's agreement to dismiss the manslaughter charge and another charge in another case. By his waiver, Smith stopped the appeals process and his conviction and sentence became final that day.[1]

In order to trigger the tolling provisions, Smith had to file for state post-conviction relief on or before May 15, 2001. His first post-conviction motion in the state court's was on July 27, 2001. Therefore there is no tolling of the federal period of limitations. His federal petition had to be filed on or before May 15, 2001. It was not filed until 2006, many years past the deadline. His attempt to claim that his petition is timely under 28 U.S.C. § 2244(d)(1)(B), the "state created impediment" exception is without merit. He alleges that the Winston County Circuit Clerk's Office misinformed him regarding the status of his post-conviction proceedings, that were filed on June 6, 2002. He claims they failed to advise him of the trial court's adverse decision in a letter dated February 7, 2003. Given that the AEDPA statute expired in 2001, whether there was any "state created impediment," in 2002, 2003 or thereafter is legally irrelevant. Smith sets forth no extraordinary and rare circumstances which would justify equitable tolling.

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file

---

[1] The result is the same if the usual thirty day period for appeals is added in making calculating the time limits.

written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 24th day of July, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE